UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEROY BACA, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. CV 08-7279-GAF (JTL) <br><br> MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On November 6, 2008, Everett Williams ("plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. Section 1983 ("Complaint"). On December 1, 2008, the Court dismissed the Complaint, with leave to amend, pursuant to the screening provisions of the Prison Litigation Reform Act of 1995 ("PLRA"). On December 17, 2008, plaintiff filed a First Amended Complaint.

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the First Amended Complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

The Court's screening of plaintiff's First Amended Complaint under the foregoing statutes are governed by the following standards. A complaint may be dismissed as a matter of law for

failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Because plaintiff is appearing pro se, the Court must construe the allegations of the First Amended Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the First Amended Complaint under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

**ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

Plaintiff's claims arise out of his confinement at the Los Angeles County Jail. (See First Amended Complaint at 2, 5). Plaintiff names as defendants Leroy Baca, Sheriff of the Los Angeles County Jail, who is responsible for the operations of the North County Correctional Facility ("NCCF"), E. Rizo, Deputy Sheriff at NCCF, John Doe No. 1, Deputy Sheriff at NCCF; John Doe No. 2, Deputy Sheriff at NCCF; and John Doe No. 3, a medical radiologist at Los Angeles County Men's Central Jail ("MCJ"). (Id. at 1, 3-4, 5(b)-5(c)). Plaintiff sues all defendants in their official as well as individual capacities. (Id. at 3-4, 5(d)).

Plaintiff alleges that on June 21, 2007, he was returning from the NCCF Medical Department to his housing unit when he was stopped by defendants Rizo, John Doe No. 1, and John Doe No. 2. (Id. at 5(d)). Plaintiff alleges that defendants asked plaintiff to turn around and face the wall for a random pat-down search, and plaintiff complied. (Id.). Defendant Rizo had

1  plaintiff place his hands behind his back, place his palms together, and interlock his fingers.
2  (First Amended Complaint at 5(d)).  Plaintiff alleges that, as she began to conduct the search,
3  defendant Rizo applied unnecessary force by holding plaintiff's hand in a forceful manner and
4  bending plaintiff's middle fingers, which caused him great pain.  (Id. at 5(d)-5(e)).  Plaintiff
5  complained about defendant Rizo's action.  (Id. at 5(e)).  According to plaintiff, defendants John
6  Doe No. 1 and John Doe No. 2, who were present at the time, did not try to stop defendant Rizo
7  from causing plaintiff unwarranted pain in a malicious and sadistic manner.  (Id.).  Plaintiff
8  alleges that defendants John Doe No. 1 and John Doe No. 2 stood by, watching and laughing.
9  (Id.).

10  Plaintiff filed a grievance regarding this incident at NCCF on June 24, 2007.  (Id. at 5(f),
11  5(g)).  On June 31, 2007, plaintiff received notice that his grievance had been denied.  (Id. at
12  5(g)).  Plaintiff alleges that defendant Baca, as Sheriff, has knowledge that deputies at NCCF
13  are using excessive force on detainees within his jurisdiction because the detainees have filed
14  complaints.  (Id. at 5(f)).  Plaintiff contends that defendant Baca failed to act despite his
15  knowledge that there was a substantial risk of serious harm to plaintiff.  (Id.).  Plaintiff further
16  contends that defendant Baca refused to make sure that plaintiff would not be deprived of his
17  right to be free from excessive force.  (Id.).

18  Plaintiff further alleges that in July 2007, defendant John Doe No. 3, a medical radiologist
19  at the MCJ, saw plaintifff and took X-rays of his hand.  (Id. at 5(e)).  A physician then saw
20  plaintiff and told him that defendant John Doe No. 3's radiology report stated there was "No
21  bone abnormality."  (Id.).  Plaintiff, however, continued to suffer from pain and swelling in his
22  middle finger on his left hand.  (Id.).  In November 2007, after suffering from continuous pain
23  for four months, the physician ordered a that a new X-ray be taken.  (Id.).  Again, defendant
24  John Doe No. 3 reported no bone abnormality.  (Id.).  Because plaintiff was still suffering from
25  pain, the physician ordered that plaintiff be seen by an orthopedic physician at Los Angeles
26  County Medical Center ("LCMC").  (Id.; see id., Exh. 1).  On June 18, 2008, plaintiff was taken
27  to LCMC to see the orthopedic physician.  (Id. at 5(e)-5(f)).  The orthopedic physician told
28  plaintiff that his middle finger had a fracture, which was clearly shown in the X-ray that

defendant John Doe No. 3 had stated showed "No bone abnormality." (First Amended Complaint at 5(f)). The orthopedic physician explained to plaintiff that his middle finger on his left hand had fractured and healed wrong, which was why plaintiff could not close his hand properly, and that it was too late to re-set the bone. (Id. at 5(f)). According to plaintiff, he cannot use his left hand fully due to defendant John Doe No. 3's negligence in failing to correctly read plaintiff's X-ray. (Id.).

Plaintiff asserts claims against defendants for excessive force and deliberate indifference to medical needs under the Eighth Amendment and Fourteenth Amendments. (See id. at 5(g)-(l)). He seeks compensatory and punitive damages, and costs related to this law suit. (See id. at 5(a)-5(b), 5(i)-5(j)).

## DISCUSSION

### I. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES MUST BE DISMISSED

Plaintiff sues all defendants in their official as well as individual capacities. (First Amended Complaint at 3-4, 5(d)).

Official capacity claims against state officials are merely another way of pleading an action against the state itself. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)). The Eleventh Amendment prohibits federal jurisdiction over claims against a state without its consent or if Congress has abrogated the state's Eleventh Amendment immunity. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The State of California has not consented to be sued under Section 1983 in federal court, and the Supreme Court has held that Section 1983 was not intended to abrogate a State's Eleventh Amendment immunity. Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999); see Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985). Thus, official capacity claims for damages are barred by the Eleventh Amendment. Dittman, 191 F.3d at

1026 ("The Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court."); Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."). In addition, the Supreme Court has held that a state official sued in his official capacity is not "a person" subject to suit under Section 1983 for purposes of a suit for damages. Will, 491 U.S. at 71 & n.10.

Accordingly, plaintiff's official capacity claims against all of the defendants must be dismissed.

## II. PLAINTIFF CANNOT ALLEGE AN EIGHTH AMENDMENT CLAIM

Plaintiff contends that defendants' acts constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments. (See First Amended Complaint at 5(g)-(i)). The cruel and unusual punishment clause of the Eighth Amendment applies only to convicted prisoners. See Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977). Thus, as the Court stated in its previous dismissal order, if plaintiff was a convicted prisoner on the date of the incidents that gave rise to his claims, his claims would arise under the Eighth Amendment. If, however, plaintiff was detained as a pretrial detainee, his claims would arise under the due process clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). In the First Amended Complaint, plaintiff states that he is, and was at all times mentioned therein, a "detainee" in the custody of the Los Angeles County Sheriff. (First Amended Complaint at 5(b)). Thus, because it appears that plaintiff is a pre-trial detainee, his claims arise under the due process clause of the Fourteenth Amendment. See Bell, 441 U.S. at 535 n.16. However, plaintiff's claims are governed by the same standards as the Eighth Amendment claims of convicted prisoners. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

///
///
///

III. **PLAINTIFF HAS SUFFICIENTLY PLEADED A FOURTEENTH AMENDMENT CLAIM AGAINST DEFENDANTS RIZO, JOHN DOE NOS. 1 AND 2 AND BACA AT THE SCREENING STAGE**

Claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, which protects against the use of excessive force that amounts to punishment. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (citing Bell, 441 U.S. at 535-39)). Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, the same standards apply. Frost, 152 F.3d at 1128. Under the Eighth Amendment, the core judicial inquiry is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Factors pertinent to this determination are the need for the application of force, the relationship between the need and the amount of force that was used, the perceived threat, efforts to temper the severity of the response to the threat, and the extent of the injury inflicted. Hudson, 503 U.S. at 7; Whitley, 475 U.S. at 321.

Plaintiff alleges that defendant Rizo used unnecessary and excessive force during a random pat-down search by holding plaintiff's hand in a forceful manner and bending plaintiff's middle fingers, which caused him great pain. (See First Amended Complaint at 5(d)-5(e), 5(h)). Plaintiff further alleges that defendants John Doe No. 1 and John Doe No. 2 did not try to stop defendant Rizo from causing plaintiff unwarranted pain in a malicious and sadistic manner, but stood by watching and laughing. (Id. at 5(e)). Plaintiff further alleges that, as Sheriff, defendant Baca has knowledge that deputies at NCCF are using excessive force on detainees within his jurisdiction via the complaints filed by detainees, but failed to take action despite his knowledge of a substantial risk of serious harm to plaintiff. (Id. at 5(f)). Thus, plaintiff contends that defendant Baca refused to act to ensure that plaintiff would not be deprived of his right to

be free from the use of excessive force against him for no reason, an act which he is legally required to do.  (See First Amended Complaint at 5(f), 5(g)).

Construing the allegations of the First Amended Complaint liberally and in the light most favorable to plaintiff, at the screening stage of this action, plaintiff's allegations are sufficient to state a Fourteenth Amendment claim for excessive force against defendants Rizo, John Doe No. 1 and John Doe No. 2.  The Court also concludes that, at this screening stage, plaintiff's allegations against defendant Baca are sufficient to state a Fourteenth Amendment claim under Section 1983.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (A person "subjects" another to the deprivation of a constitutional right within the meaning of Section 1983 if he or she "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do" that causes the complained-of deprivation.").  Plaintiff, therefore, may reallege these claims against defendants Rizo, John Doe Nos. 1 and 2 and Baca in his Second Amended Complaint.

## IV.   PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT CLAIM AGAINST DEFENDANT JOHN DOE NO. 3 FOR INADEQUATE MEDICAL CARE

Plaintiff alleges that defendant John Doe No. 3, a radiologist at the MCJ, took X-rays of plaintiff's hand in July and November 2007, but reported that there was "No bone abnormality." (See First Amended Complaint at 5(e)).  Subsequently, on June 18, 2008, still suffering from pain, plaintiff was taken to LCMC to see an orthopedic physician, who told plaintiff that his middle finger had a fracture, which was clearly shown in the X-rays defendant John Doe No. 3 stated showed no abnormality.  (See id. at 5(e)-5(f)).  Plaintiff alleges that the orthopedic physician explained to plaintiff that his middle finger on his left hand had fractured and healed wrong, which was why plaintiff could not close his hand properly, and that it was too late to re-set the bone.  (Id. at 5(f)).  Plaintiff contends that, due to defendant John Doe No. 3's

1 negligence in failing to read the X-ray correctly, plaintiff cannot use his left hand fully.  (First
2 Amended Complaint at 5(f); see id. at 5(i)).
3       Claims of inadequate medical care by pretrial detainees arise under the Due Process
4 Clause of the Fourteenth Amendment, and not under the Cruel and Unusual Punishment
5 Clause of the Eighth Amendment.  Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (citing
6 Bell, 441 U.S. at 535 n.16)).  Although such claims arise under the Fourteenth Amendment,
7 Eighth Amendment standards apply.  See id.; Frost, 152 F.3d at 1128.
8       The state must provide medical care to prisoners and detainees because their
9 confinement has deprived them of the ability to secure medical care for themselves.  Estelle
10 v. Gamble, 429 U.S. 97, 103 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.
11 1999).  A prisoner asserting a Section 1983 claim for denial of medical care must allege "acts
12 or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."
13 Estelle, 429 U.S. at 106.  Deliberate indifference requires that defendants purposefully ignore
14 or fail to respond to the prisoner's pain or medical need.  McGuckin v. Smith, 974 F.2d 1050,
15 1060 (9th Cir. 1992), overruled on other grounds by WMX Techs, Inc. v. Miller, 104 F.3d 1133
16 (9th Cir. 1997).  Deliberate indifference "may appear when prison officials deny, delay or
17 intentionally interfere with medical treatment, or it may be shown in the way in which prison
18 physicians provide medical care."  Id. at 1059.  However, an inadvertent or negligent failure to
19 provide medical care does not constitute deliberate indifference.  Estelle, 429 U.S. at 105.
20 "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical
21 condition does not state a valid claim of medical mistreatment under the Eighth Amendment.
22 Medical malpractice does not become a constitutional violation merely because the victim is a
23 prisoner."  Estelle, 429 U.S. at 106; see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.
24 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not
25 violate a prisoner's Eighth Amendment rights.").
26       Applying these principles to plaintiff's allegations, the Court concludes that plaintiff has
27 failed to allege deliberate indifference.  Plaintiff's allegations against defendant John Doe No.
28 3  amount to no more than negligence.  Indeed, plaintiff contends that he cannot use his left

hand fully "due to the negligen[ce] of the radiologist" in incorrectly reading his X-ray. (See First Amended Complaint at 5(f)). Plaintiff's allegations do not allege facts constituting deliberate indifference. As the Court stated in its previous dismissal order, a claim of mere negligence does not give rise to a cognizable claim under Section 1983. See Toguchi, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will at a certain point rise to the level of constitutional violation, mere malpractice, or even gross negligence, does not suffice."); Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty, or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required. . . . [T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."); Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."); Estelle, 429 U.S. at 105-06.

Plaintiff's claim against defendant John Doe No. 3 for inadequate medical care, therefore, must be dismissed.

\* \* \* \* \* \* \* \* \*

Because plaintiff may be able to cure the deficiencies of the First Amended Complaint by amendment, the Court will afford him an opportunity to attempt to do so. See Noll, 809 F.2d at 1448. The First Amended Complaint, therefore, is **DISMISSED WITH LEAVE TO AMEND**.

If plaintiff desires to pursue this action, plaintiff is **ORDERED** to file a Second Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above. If plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or

document.  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

DATED: January 13 2009

                                              /s/
                               JENNIFER T. LUM
                               UNITED STATES MAGISTRATE JUDGE